Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Ave., Ste. 206
Manhattan Beach, CA 90266
mpietz@pietzlawfirm.com
Telephone:   (310) 424-5557
Facsimile :   (310) 546-5301

Attorney for: Putative John Doe No. 2
               Putative John Doe No. 5

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOES 1 through 10,<br><br>Defendants. | Case Number(s): 2:12-cv-1260-MCE-JFM[*]<br><br>Assigned to Hon. Morrison C. England<br>Referred to Hon. John F. Moulds<br><br>**JOHN DOES' RESPONSE TO PLAINTIFF MALIBU MEDIA, LLC'S NOTICE OF RELATED CASES** |

---

[*] Also being concurrently filed in 2:12-cv-1255-JAM-DAD and 1:12-cv-0866-AWI-MJS

**RESPONSE TO NOTICE OF RELATED CASES**

This law firm was retained on August 1, 2012, to represent the two putative John Does identified above (the "**Responding Parties**") in connection with the above-entitled action. After being retained and looking into the matter, the undersigned contacted plaintiff's counsel Ms. Leemore Kushner about Malibu Media LLC's apparent violations of the Notice of Related Case rule, among other issues. Exhibit B. On August 2, 2012, Ms. Kushner complied with the Court's notice of related case rule.

The Responding Parties generally agree with the Notice of Related Cases filed by plaintiff Malibu Media. As a result of Malibu Media's failure to file notices of related cases initially, there are currently at least 12 different Judicial Officers in this District considering the validity of the same 15 copyrights. Exhibit A. In each of the cases Malibu Media filed in this District, it appears Malibu Media has claimed copyright infringement, on the same legal theories, relying on the same technical expert, as alleged in essentially identical complaints. Thus, the Responding Parties agree that the cases should be related.

However, the Responding Parties would like to offer one point of clarification regarding the Notice of Related Cases filed by Malibu Media: ***the true first-filed, low-numbered case filed by Malibu Media in this District is 2:12-cv-1255-JAM-DAD, filed May 10, 2012, not 1:12-cv-0866-AWI-MJS, filed May 29, 2012***.

In addition, it is worth noting that an approach adopted by other jurisdictions has been to appoint a single Magistrate to handle the "blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent." *E.g., In re: BitTorrent Adult Film Copyright Infringement Cases,* 2012 U.S. Dist. LEXIS 61447 (E.D.N.Y. May 1, 2012)*,* Case No. CV-11-3995-DRH-GRB, Dkt. No. 39 (comprehensive report and recommendation of Magistrate Gary R. Brown addressing similar cases filed by Malibu Media, among others).

It should also be noted that recently, after motion made by the undersigned on behalf of John Does in the Central District of California, all of the 30+ cases filed by Malibu Media in the Central District were reassigned to the same Judge. Upon transfer,

Judge Klausner issued an order vacating all prior orders authorizing Malibu Media to conduct early discovery. *Malibu Media, LLC v. John Does 1-10*, C.D. Cal. Case No. 2:12-cv-1642, Dkt. No. 21; *see also* Dkt. No. 25.

This firm will shortly be filing a substantive motion that this Court: (1) reconsider and vacate any orders authorizing Malibu Media to conduct early discovery for several reasons; (2) sever all of the Does because accessing the same file days, weeks or months apart does not make the Does not part of the same "transaction or occurrence" (*e.g., Malibu Media v. John Does 1-10*, C.D. Cal. Case No. 12-cv-3623-ODW-PJW, docket no. 7, 6/27/12, p. 5.); (3) quash all outstanding subpoenas and dismiss all Does other than Does number 1; and (iv) enter an appropriate protective order.[1] Some of the Courts in this District have already addressed these issues and determined that early discovery should be denied other than for Doe No. 1. *See* 2:12-cv-1261-JAM-EFB, Dkt. No. 8, 7/11/12; 2:12-cv-01459-GEB-CKD, Dkt. No. 5, 7/13/12; 2:12-cv-01514-LKK-EFB, Dkt. No. 5, 7/11/12.

The undersigned would respectfully suggest that if the Court does not vacate the orders authorizing early discovery upon transfer, as the Central District did, then it would be appropriate to stay all pending subpoena returns pending consideration of the kind of motion described above. Malibu Media should not continue to receive subscriber information from the ISPs (which Malibu Media then uses to leverage unjust settlements upon threat of publicly accusing the Does of downloading pornography) during the time it takes the Court to determine the propriety of the subpoenas and of mass joinder.

Respectfully submitted August 2, 2012,   THE PIETZ LAW FIRM

*/s/ Morgan E. Pietz*

Morgan E. Pietz
THE PIETZ LAW FIRM
Attorney for Putative John Doe(s)
Appearing on Caption

---

[1] A similar motion has already been filed by another Doe in one of the cases pending in this District: 12-cv-0888-AWI-DLB, Dkt. No. 10, filed 7/19/2012, set for 9/21/2012.